# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| *UNITED STATES OF AMERICA*, | ) | Docket Number: 18-cr-180 |
| Plaintiff, | ) | |
| | ) | Presiding Judge: |
| *v.* | ) | The Honorable John J. Tharp, Jr. |
| | ) | |
| *JERVELLE GATES*, | ) | |
| Defendant. | ) | |

## JERVELLE GATES' MOTION TO SUPPRESS

Jervelle Gates, by his counsel, Paúl Camarena, respectfully moves this Honorable Court to suppress evidence that the Government obtained through its illegal seizure of Mr. Gates and a vehicle; and Mr. Gates, in support of his motion, states as follows:

### The Government's Evidence Contradicts its Claim that
### Mr. Gates Engaged in a Narcotics Transaction with an Undercover Officer.

The Government first asserts that Police Officers observed Mr. Gates engage in a narcotics transaction directly with an Undercover Officer and that, thus, Police had at least reasonable suspicion to seize Mr. Gates and the vehicle by conducting an investigatory stop. Chicago Police Department Arrest Report, Incident Report Number 1338153, p. 3, states that, on August 23, 2017, Mr. Gates "was involved in a narcotic transaction with a[n Undercover Officer and] after the mentioned transaction [Mr. Gates] entered [a] Nissan Altima [and] the Nissan then proceeded to approximately 5350 W. Ohio where an investigatory stop was conducted."

Pursuant to this Court's discovery order, the Government produced a "video of the undercover narcotics transaction." Although this 3 minute video may depict individuals engaging in narcotics transactions, this video does not capture Mr. Gates at all and, hence, contrary to the Police Report, Police did not observe Mr. Gates engage in any narcotics transaction with the Undercover Officer.

## The Government's Alternative Grounds are Insufficient for its Investigatory Stop.

The Government, in the alternative, asserts that, in fact, Mr. Gates did not engage in a narcotics transaction with an Undercover Officer after all.  Instead, according to the Government, Mr. Gates engaged in a monetary transaction with someone who had engaged in a narcotics transaction with the Undercover Officer.

Bureau of Alcohol, Tobacco, and Firearms, Investigation Number 772100-17-0019, Report Number 4, p. 1, ¶¶ 2 & 3, state that "[a]n undercover CPD Officer purchased a small amount of marijuana from [one Mr.] Caldwell [and] subsequent to the undercover officer departing the area, Officer Difranco observed Caldwell meet with a black male, later identified as Jervelle Gates, and hand him an unknown amount of currency."  "Officers observed [Mr.] Gates enter the passenger compartment of the Altima [and a]n investigatory stop was conducted on the Altima."

In the most recent Seventh Circuit case addressing Governmental investigatory stops, the Court of Appeals stressed that "[t]o pull a car over for a brief investigatory stop, a police officer must have at least an articulable and reasonable suspicion that the particular person stopped is breaking the law."  *United States v. Rodriguez-Escalera*, 884 F.3d 661, 667 - 668 (7th Cir. March 7, 2018) (noting that "after observing [defendant] abruptly change lanes without signaling, [police officer] had a lawful basis for initiating the stop") (citation and internal quotations omitted).  However, while a driver does break the law by abruptly changing lanes without signaling, a citizen does not break the law simply by receiving an unknown amount of currency, even when that currency is received from someone who just sold a small amount of marijuana.

The Government theorizes that Police reasonably suspected that Mr. Gates was breaking the law just because he received cash from a small time marijuana dealer.  However, this theory

would authorize the Government to search and seize any number of street vendors, beggars, or merchants on the West Side, and defense counsel respectfully submits that this new theory cannot be reconciled with the Fourth Amendment.

Wherefore, Mr. Gates respectfully moves this Honorable Court to prohibit the Government from introducing evidence that it obtained through its seizure of Mr. Gates and the Nissan.

Respectfully submitted,
Jervelle Gates' Counsel
*/s/ Paúl Camarena*
Paúl Camarena, Esq.
14249 So. Wolf Rd.
Orland Park, IL 60467
(312) 493-7494
paulcamarena@paulcamarena.com